# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0877V
UNPUBLISHED

| | |
|---|---|
| WANDA OLIVER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 22, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision on Proffer;<br>Concession; Table Injury; Influenza<br>(Flu); Shoulder Injury Related to<br>Vaccine Administration (SIRVA). |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Jeremy Fugate*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON DAMAGES[1]

On July 17, 2020, Wanda Oliver filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury related to vaccine administration (SIRVA) after an influenza ("flu") vaccine received on October 23, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 13, 2021, I issued a ruling that Petitioner was entitled to compensation for her SIRVA. ECF No. 31. On December 20, 2021, Respondent filed a proffer on an award of compensation, to which Petitioner agrees. ECF No. 33 (attached

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

hereto as Exhibit A). Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $71,784.21 (representing $70,000.00 for pain and suffering, and $1,784.21 for past unreimbursable expenses).** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

```
*********************************
WANDA OLIVER,                    *
                                 *
         Petitioner,             *    No. 20-0877V
                                 *    Chief Special Master Corcoran
v.                               *
                                 *
SECRETARY OF HEALTH AND          *
HUMAN SERVICES,                  *
                                 *
         Respondent.             *
*********************************
```

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 17, 2020, Wanda Oliver ("petitioner") filed a Petition for Compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to-34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that she received an influenza ("flu") vaccine on October 23, 2018, and that she subsequently suffered a right shoulder injury related to the vaccine administration ("SIRVA") that meets the requirements of the Vaccine Injury Table for flu vaccine. Petition at 1. On December 13, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on December 13, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 30; ECF No. 31.

**I.    Items of Compensation**

  A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $70,000.00 in pain and suffering. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,784.21. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**    **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $71,784.21, in the form of a check payable to petitioner.

**III.**    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Wanda Oliver: **$71,784.21.**

                                                                 Respectfully submitted,

                                                                  BRIAN M. BOYNTON
                                                                  Acting Assistant Attorney General

                                                                  C. SALVATORE D'ALESSIO
                                                                  Acting Director
                                                                  Torts Branch, Civil Division

                                                                  HEATHER L. PEARLMAN
                                                                  Deputy Director
                                                                  Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division

s/ JEREMY C. FUGATE
JEREMY C. FUGATE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 598-3831

Dated: December 20, 2021                     Jeremy.Fugate2@usdoj.gov